IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

FRANCIS LEE,
ADC #92543                                                                                          PLAINTIFF

v.                                        5:04CV00326SWW/HDY

ARKANSAS DEPARTMENT
OF CORRECTION, et al.                                                                       DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

1

    3.       The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

> Clerk, United States District Court
> Eastern District of Arkansas
> 600 West Capitol Avenue, Suite 402
> Little Rock, AR 72201-3325

## DISPOSITION

### I. Introduction

This matter is before the Court on the defendants' motions for summary judgment (DE ##66, 83). Plaintiff has filed responses to the motions (DE ##89, 92).

Plaintiff is a state inmate currently incarcerated at the Quachita River Correctional Unit of the Arkansas Department of Correction (ADC). He filed this action pursuant to 42 U.S.C. § 1983 against defendants, alleging deliberate indifference to his serious medical needs while incarcerated at the Jefferson County Jail Facility. Specifically, plaintiff alleges that from 1999-2004 defendants failed to adequately treat him for back pain and that defendant Mobley contributed to that delay by failing to respond to plaintiff's grievances in a timely fashion. Plaintiff asks for monetary relief from defendants.

### II. Summary Judgment Motions

#### A. ADC Defendant Mobley

In support of his motion, defendant Mobley states that plaintiff's allegations against him are that

he failed to properly supervise defendant Bearden to ensure that plaintiff's grievances were responded to in a timely fashion, and that his failure to do so resulted in pain and suffering and a delay in his medical treatment. Defendant Mobley states in an affidavit attached to this motion that the ADC contracts with Correctional Medical Services, Inc. (CMS) to provide medical care to the inmates, and that as Deputy Director for Health and Correctional Programs of the ADC, he reviews inmate appeals of health-related grievances to ensure that CMS responds to an inmate's allegations concerning his medical care and treatment. DE #67, Ex. B  Mobley also states that because defendant Bearden is an employee of CMS, he did not have supervisory authority over her. Furthermore, Mobley acknowledges that although two of the grievances plaintiff filed were not responded to in a timely fashion, in both of those cases, defendant Mobley concluded that plaintiff's grievances had merit and forwarded them to the regional medical administrator for responses. Defendant states that he is not a medical doctor and is not involved in plaintiff's treatment decisions, and therefore, should not be held liable for the medical staff's diagnostic decisions, citing <u>Keeper v. King</u>, 130 F.3d 1309, 1314 (8th Cir. 1997).   Finally, defendant states that plaintiff has provided no proof that Mobley knew of and disregarded an excessive risk to plaintiff's health and safety or otherwise contributed to a denial of medical care and treatment of the plaintiff.

B.  <u>CMS Defendants (Anderson, Diab, Bearden, Stephens)</u>

In support of their motion, defendants state that plaintiff can not show that they were deliberately indifferent to his serious medical needs. Defendants state that plaintiff's Eighth Amendment allegations against them are based on a disagreement over their treatment of him, which is not actionable under § 1983. Defendants state that plaintiff has a history of back surgery with chronic back and neck pain, and was treated at the ADC continuously until he received surgery in July, 2005. Defendants provide

excerpts from plaintiff's medical records to show that he was seen by medical staff on twenty occasions from March, 2004 until a MRI test was conducted in January 2005, and then fourteen times thereafter until his surgery. Defendants also state that there are no recorded complaints from defendant about back pain from June 7, 2004-November 14, 2004. Defendants state that plaintiff can not create a question of material fact concerning his medical treatment, by merely stating that he did not believe he received adequate treatment. Rather, he must have verifying medical evidence in the record to support an allegation that a delay in treatment has resulted in harm, and that defendants' actions amounted to deliberate indifference to his serious medical needs. Defendants also note that plaintiff did not file a grievance concerning the delay in receiving the MRI test.

C.  Plaintiff's Response

In response, plaintiff states that the medical treatment provided to him was inappropriate, and that defendants did not respond to his complaints until after his filed this lawsuit in September, 2004. He acknowledges that he was provided medication for his back and neck pain but complains that a MRI test which was ordered in 2003, was not conducted until January, 2005. In the meantime, plaintiff states that he encountered difficulty in obtaining a script for an egg crate mattress. Plaintiff states that it should not have taken six years to finally obtain approval for surgery.

D.  Standard of Review

Pursuant to Fed.R.Civ.P. 56(c), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. See Dulany v. Carnahan, 132 F.2d 1234, 1237 (8th Cir. 1997). "The moving party bears the initial burden of identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue

of material fact." Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials of allegations in the pleadings; rather, the non-movant must set forth specific facts showing that there is a genuine issue for trial." Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

E.  Applicable Law

In order to support a claim for an Eighth Amendment violation, plaintiff must allege that defendants were deliberately indifferent to a serious medical need.  Farmer v. Brennan, 511 U.S. 825, 827 (1994).  However, even negligence in diagnosing or treating a medical condition does not constitute a claim of deliberate indifference.  Estelle v. Gamble, 429 U.S. 197 (1976).  Rather, the "prisoner must show more than negligence, more even than gross negligence, and mere disagreement with treatment decisions does not rise to the level of a constitutional violation," Estate of Rosenberg v. Crandell, 56 F.3d 35, 37 (8th Cir. 1995).  See also Smith v. Marcantonio, 901 F.2d 500, 502 (8th Cir. 1990) (holding that a mere disagreement with a course of medical treatment is insufficient to state a claim for relief under the Eighth Amendment).   Furthermore, prison physicians are entitled to exercise their medical judgment, and "do not violate the Eighth Amendment when, in the exercise of their professional judgment, they refuse to implement a prisoner's requested course of treatment." Long v. Nix, 86 F.3d 761, 765 (8th Cir. 1996 ).

> In addition,
>
> the failure to treat a medical condition does not constitute punishment within
> the meaning of the Eighth Amendment unless prison officials knew that the

> condition created an excessive risk to the inmate's health and then failed to act on that knowledge...As long as this threshold is not crossed, inmates have no constitutional right to receive a particular or requested course of treatment, and prison doctors remain free to exercise their independent medical judgment...Mere negligence or medical malpractice, however, are insufficient to rise to a constitutional violation.

Dulany, supra, 132 F.3d at 1239.

An official who was not involved in the treatment decisions which are made by the Unit's medical staff, and who lacks medical expertise, can not be held liable for the medical staff's diagnostic decisions, Keeper, supra, 130 F.3d at 1314.. See also Camberos v. Branstad, 73 F.3d 174 (8th Cir. 1995). Finally, a medical indifference claim must be brought against the individual or individuals directly responsible for the inmate's medical care, Keeper, supra at 1314. A supervisor is not held liable for an employee's actions under § 1983 unless the supervisor "is personally involved in the violation or when the supervisor's corrective inaction constitutes deliberate indifference toward the violation. Boyd v. Knox, 47 F.3d 966, 968 (8th Cir. 1995).

F.  Analysis

1) Mobley - Plaintiff's allegations against this defendant are that he did not timely respond to plaintiff's grievances, thereby causing a delay in plaintiff's medical care and treatment, and that defendant failed to properly supervise defendant Bearden.  In his affidavit, defendant Mobley sets forth a chronology of the grievances at issue, which indicates that part of the delay in each of the grievances was due to the infirmary's failure to timely respond.  In addition, defendant states that the grievances were processed according to policy, and that he had no authority to train or supervise any of the medical personnel, including defendant Bearden.  Based on such, the Court finds that plaintiff has offered no evidence that defendant Mobley acted with deliberate indifference to his medical needs.  While plaintiff appears to be complaining that Mobley did not step in and order CMS to schedule him for tests and/or

surgery, Mobley did not possess the authority to do so, and based on the fact that plaintiff was receiving routine, consistent medical care, had no reason to believe such was needed. Therefore, pursuant to the law set forth in Keeper, supra, the Court finds as a matter of law that plaintiff does not support an Eighth Amendment claim against defendant Mobley.

      2) Anderson - Defendant Anderson, a physician employed by CMS, reviewed the medical records of plaintiff and provides an affidavit in support of his motion. DE #85, Ex. 1. According to his statement, plaintiff's records show that he complained about back and neck pain in 2004 and was treated for such on numerous occasions. Although an x-ray revealed degenerative disc disease, a consult request recommending a MRI in May 2004 was never received by Anderson in his office. After that, plaintiff's sick call requests related to issues concerning renewal of medical scripts for pain medications, an egg crate mattress, staying under his covers, and not being required to report to work. Anderson states that plaintiff was treated conservatively for his pain, and was prescribed numerous different types of medication in an effort to decrease his intake of narcotics over time. Anderson further states that conservative treatment was appropriate until all other options failed, and that plaintiff's neurological examinations did not display signs of worsening nerve root impingement. However, due to plaintiff's worsening pain, he was recommended for an orthopedic consult in May, 2005 and finally surgery, in July, 2005. Anderson said he has no record of communicating with plaintiff and was not personally involved with his case except for approving all three consultation requests he received. He also states that in his medical opinion, the care and treatment provided to plaintiff was appropriate for his complaints.

      Based on such, and absent further evidence of Anderson's involvement in plaintiff's care or of actions constituting deliberate indifference to plaintiff's serious medical needs, the Court finds that

plaintiff's complaints against Anderson do not rise to the level of a Constitutional violation and should be dismissed..

      3) Dr. Diab - Plaintiff alleges that Dr. Diab failed to renew his egg crate mattress script, failed to prescribe Darvon for pain, and failed to medically-unassign plaintiff from his job requirements. However, plaintiff testified in his deposition that although his mattress script had expired, the mattress was not taken away from him, and the records show that Dr. Diab did renew his script in July, 2004. Defendant states that any decision to change plaintiff's pain medication was based on sound medical practice to avoid long periods of taking narcotics, and such is merely a disagreement over his medical treatment, which does not rise to the level of a Constitutional violation.   Plaintiff also admitted in his deposition that Dr. Diab tried to talk with him about approaching the ADC classification office about obtaining a different job assignment, but that plaintiff got mad and left the room. DE #85, Ex. 4.  The Court again finds no evidence of deliberate indifference on the part of Dr. Diab and finds that plaintiff's complaints deal with the type of treatment provided to him.  As noted in Dulany, supra, plaintiff's disagreement with the course of his treatment, absent a showing that Dr. Diab failed to respond to his serious medical needs, does not support a finding of an Eighth Amendment violation.

      4) Brenda Bearden - According to plaintiff's deposition, he spoke with defendant Bearden on one occasion about needing x-rays, and she arranged to put him on a list to see the doctor.  Bearden also talked with plaintiff about his request for an egg crate mattress and arranged for him to retain his mattress prior to the renewal of his script.  The Court finds no evidence of any unconstitutional conduct by this defendant, but rather, that she promptly addressed plaintiff's concerns and was helpful to him. Therefore, plaintiff's claims against defendant Bearden should be dismissed.

      5) Gail Stephens - Defendant Stephens worked as a nurse at the Jefferson County Jail Facility

during 2004 and was responsible for responding to medical grievances. Stephens states in her affidavit that she does not recall receiving grievances from plaintiff, which he claims he wrote concerning the egg crate mattress script and Dr. Diab's change in his pain medication. DE #85, Ex. 3. Any grievances not responded to by her could have been appealed to a higher level. Plaintiff alleges that he asked defendant Stephens to do things which the doctor would not do for him, and she declined, stating that such orders had to come from the doctor. She states that she personally met with and explained to plaintiff that she was not permitted to over-ride the treating physician's decision. In light of such, the Court again finds no evidence of conduct which rises to the level of deliberate indifference to plaintiff's medical needs.

In conclusion, the Court finds that any disputes of fact at issue in this case are not material to a finding that defendants are entitled to judgment as a matter of law on plaintiff's complaint against them. At the heart of plaintiff's complaint is a disagreement by plaintiff over the type of medical care provided to him, and not an allegation of denial of medical care. Plaintiff has provided no proof that any of the defendants refused to treat him or acted with deliberate indifference to his serious medical needs, or that any delay in his requested treatment resulted in injury to him. Therefore, plaintiff's complaint against defendants should be dismissed.   Accordingly,

IT IS, THEREFORE, RECOMMENDED that defendants' motions for summary judgment (DE ##66, 83) be GRANTED, and plaintiff's complaint against defendants be DISMISSED with prejudice.

IT IS SO ORDERED this ___30___ day of ___June_____, 2006.

*H. Daniel Young*
_____
United States Magistrate Judge